In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00236-CV**

**REMA CHARLES WOLF, Appellant**

**V.**

**CITY OF PORT ARTHUR, TEXAS, Appellee**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-202,920**

**ORDER**

On October 15, 2020, Rema Charles Wolf, appellant, filed a notice of appeal from the trial court's judgment signed on September 15, 2020. The appellate record is due on January 13, 2021, but as of this date has not been filed. On December 28, 2020, appellant filed a statement of inability to afford payment of court costs in the appellate court. We abate this appeal and remand the cause to the trial court for a

1

determination of appellant's ability to afford payment of court costs under Rule 145 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 145.

The trial court may direct the appellant to correct or clarify the statement of inability to afford payment of court costs. *See id*. R.145(d). Any motion to require appellant to pay costs or to require appellant to prove her inability to afford costs must be filed in the trial court by the appropriate party in accordance with Rule 145. *See id*. R. 145(f)(1)-(4). If necessary, the trial court shall conduct a hearing and make appropriate orders. *See id*. R. 145(f)(5)-(7). Any documents filed and orders signed pursuant to Rule 145 shall be forwarded to this Court for filing as a supplemental record no later than January 28, 2021. Alternatively, a party, the trial court clerk, or the court reporter may file a status report informing this Court that additional time is needed for a determination under Rule 145. In the absence of a request for additional time, this appeal will automatically reinstate on February 8, 2021. Upon reinstatement, if an order requiring appellant to pay costs has not been signed, appellant will be entitled to proceed without payment of costs associated with this appeal. *See id*. R. 145(a).

ORDER ENTERED January 8, 2021.

PER CURIAM

Before Golemon, C.J., Kreger and Johnson, JJ.

2